STATE

v.

Antonio GARCA.

No. 92–474–C.A.

Supreme Court of Rhode Island.

March 18, 1993.

Jeffrey Pine, Atty. Gen., Aaron Weisman, Asst. Atty. Gen., Andrew Berg, Sp. Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Barbara Hurst, and Janice Weisfeld, Asst. Public Defenders, for defendant.

OPINION

PER CURIAM.

This case came before this court for oral argument on March 1, 1993, pursuant to an order directed to both parties to appear and show cause why we should not summarily decide the issues raised by the appeal of the defendant, Antonio Garca. After hearing the arguments and reviewing the mem-

oranda of counsel, we believe the parties failed to show cause.

The defendant appeals from a conviction on one count of robbery, one count of assault with a dangerous weapon in a dwelling, and one count of entering a dwelling with intent to commit robbery. The defendant raises five points of error: (1) that the trial justice erred in admitting evidence of an out-of-court statement by the victim identifying defendant as the perpetrator of the crimes, (2) that a search warrant issued to search a barn occupied by defendant was defective because there was insufficient evidence to provide probable cause, (3) that the trial justice should have granted defendant's motion for judgment of acquittal on all charges, (4) that the trial justice should have granted defendant's motion for a new trial, and (5) that the trial justice erred in sustaining a series of objections made by the prosecutor during defense counsel's opening statement. We believe defendant's arguments are without merit.

We begin with the out-of-court identification. In this case the victim, who was ninety-six years old at the time of the incident, identified defendant during a showup procedure, and the victim testified to this identification at trial. The victim could not, however, identify the perpetrator at the trial. The defendant argues that the trial justice should have excluded the out-of-court identification as hearsay.

Rule 801(d)(1) of the Rhode Island Rules of Evidence states that an out-of-court identification is not hearsay when "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement." In this case the victim-declarant did testify at trial and was subject to cross-examination, and therefore, the statement was not hearsay. It is irrelevant that the victim had a loss of memory on the stand concerning the identification. Rule 801(d)(1) only requires that the declarant be subject to cross-examination, not that the declarant remember the out-of-court identification. *See United States v. Owens*, 484 U.S. 554, 561–62, 108 S.Ct. 838, 843–44, 98 L.Ed.2d 951, 959 (1988) (interpreting Rule 801(d)(1) of the Federal Rules

of Evidence, which contains identical language to Rhode Island's rule).

We also believe the defendant's remaining arguments are without merit. The record supports the trial justice's denial of the defendant's motions for judgment of acquittal and for a new trial. There was probable cause to support the issuance of the search warrant. Finally, we do not believe the trial justice erred in sustaining the prosecutor's objections during defense counsel's opening statement.

For these reasons we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court.